MICHAEL LYNCH, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

WATERS AND WATERCOURSES: Surface Waters—Claim for Damages Already Paid. The owner of land which had been condemned by a drainage district for a settling basin, for which it has since been used, and for which he received the full value of the tract as damages in the drainage proceeding, cannot recover against a railroad company for damages for diversion of water upon said land, as the present value of the tract of land has already been previously absorbed in the drainage condemnation proceedings, and there is no basis left on which a difference in value before and after the diversion of the water can be computed.

*Appeal from Muscatine District Court.*—A. P. BARKER, Judge.

JULY 2, 1919.

ACTION for damages for alleged diversion of water upon the lands of the plaintiff. Some features of the controversy were before us in *Chicago, R. I. & P. R. Co. v. Lynch,* 163 Iowa 283. The case was tried to a jury, and a verdict rendered for the defendant. The plaintiff appeals. —*Affirmed.*

*D. V. & R. S. Jackson* and *L. J. Horan,* for appellant.

*F. W. Sargent, J. G. Kammerer,* and *J. H. Johnson,* for appellee.

EVANS, J.—I. The plaintiff in his petition claimed damages for a period of five years, extending from August

18, 1909, to the date of the beginning of his suit, August 18, 1914. The waters complained of were carried by Whiskey Creek. This creek took its rise in the high lands, and carried the water easterly toward the low lands. The fall from the high to the low land was precipitous. This naturally resulted in much overflow of the low lands, even under ordinary conditions of rain. The course of Whiskey Creek across the low lands was northeasterly. Approximately parallel thereto was the defendant's railway line. The water was carried in the direction of Muscatine Slough, whose course was practically at right angles with that of Whiskey Creek at the point where they approached each other. Pursuant to certain drainage proceedings, Muscatine Slough appears to have been diked against the waters of Whiskey Creek at the point of their first approach, and the waters were carried northward through a large pond extending in that direction. The plaintiff is the owner of 167 acres of the low land, and the same is traversed by Whiskey Creek. This acreage included a certain 28-acre tract, upon which the main controversy centers on this appeal. The trial court withdrew from the jury all consideration of damages to this particular tract. The state of the record upon which such ruling was based is that these lands are included within a certain drainage district, which was duly established in 1909. As a part of such proceedings, this 28-acre tract was condemned or taken as a settling basin, in order to prevent the deposit of silt over large areas during temporary overflows. In that drainage proceeding, the plaintiff claimed and received as damages for the appropriation of such 28-acre tract the full value of the same. The amount of such value was fixed by trial in the district court, wherein the court instructed the jury that they must allow such full value. Such tract has been devoted to such use ever since. The railway company's property was included within such drainage district, and was

assessed for the damages so allowed to the plaintiff.   The view of the trial court appears to have been that there was no basis for damages for running water into a settling basin.   As a settling basin, Whiskey Creek was its feeder; nor did the defendant turn any water upon it except through Whiskey Creek.   Plaintiff's suit was for continuing and recurring damages, year by year.   The measure of damages claimed was the difference in value before and after, in each case.   The present value of the use of the 28-acre tract having been already absorbed in the condemnation proceeding, no basis was left upon which a difference of values could be computed.   We think the court ruled properly.

II.   The plaintiff contends that such ruling of the trial court was improper because he owned the fee of the land, and because the condemnation was an easement only.   He offered evidence of the payment of taxes and assessments, etc., and these offers were rejected by the court.   This ruling is laid as a ground of reversal.   The argument is that this evidence was proper proof of plaintiff's ownership of the fee of the land.   He had no need to prove his ownership of the fee.   His title was never questioned.   The damages sued for were not an injury to the fee.   They were an injury to the present use and possession, and such use has been completely absorbed by the easement.   If such easement be hereafter lifted, plaintiff's complete right of use will be restored.   The ruling of the court does not in any manner impeach the title of the plaintiff.

III.   Plaintiff contends that the decree in a former case (163 Iowa 283) was an adjudication against the present holding of the trial court.   We do not find it so.   The question presented here is one of the measure of damages.   No question of damages was adjudicated in the former case.   The utmost that could be claimed is that the former find-

ing of the wrongful diversion of waters in 1904 and the following years would entitle the plaintiff herein to the resulting damages. In the absence of evidence, nominal damages might be presumed. Even this would not entitle the plaintiff to a reversal. But there was nothing in the former suit indicating that the 28-acre tract had been damaged. Nor was there anything which involved a consideration of the relative rights of the parties by virtue of the drainage proceeding. The foregoing disposes of the principal points argued. We find no reversible error. The judgment below is, therefore,—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.